IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, ) <br> as subrogee for Regeneration, LLC and ) <br> Roy Granger, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AL & SONS CORP. and ) <br> AL MITCHELL, ) <br> ) <br> Defendants. ) | | CASE NO. 3:14-cv-1051-WHA-TFM <br> <br> (WO) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the court on Defendants Al & Sons Corporation and Al Mitchell's (collectively, "Defendants") Motion for Summary Judgment (Doc. # 11). Also before the court are the Response in Opposition (Doc. # 13) filed by the Plaintiff, Colony Insurance Company ("Colony"), and the Defendants' Reply thereto (Doc. # 14). The court has jurisdiction on the basis of diversity of citizenship.

This action arises out of a fire that occurred on the Pepperell Mill property in Opelika, Alabama on May 12, 2013. Following a settlement reached with the owner of the property in an underlying tort lawsuit, Colony, as the insurance carrier for a company overseeing work at the mill site, filed this action against its insureds' former co-defendants, Al & Sons and Al Mitchell. Colony's claim is for common law indemnity. Specifically, it seeks reimbursement for the amount it paid to settle claims against its insureds, on the grounds that it was the Defendants' conduct that caused the fire. The Defendants have moved for summary judgment on the ground

that their status as joint tortfeasors with Colony's insureds in the underlying tort action precludes any indemnity claim as a matter of law.

For the reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial.  *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56 (c)(1)(A)–(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in its favor.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

Plaintiff is the insurer of and subrogee for Regeneration, LLC, which is owned by Roy Granger.  Granger is the only member of the LLC.  Granger partnered with Darryl Saucier of Saucier Investments to purchase the Pepperell Mill property in Opelika, Alabama in 2011.  Saucier Investments was created to purchase and manage the property, and Darryl Saucier and Roy Granger assigned their purchase rights to Saucier Investments before the sale closed in November 2011.  Saucier Investments and Regeneration (and Granger) then executed an agreement for the deconstruction of the mill.  Regeneration would be responsible for the deconstruction of the mill, and the parties would split the profits evenly.

In December of 2011, Regeneration entered into an agreement with Al & Sons Corporation for "Removal of Non-Ferrous and Ferrous Metals." (Doc. # 11-7 at 2.)  In 2012, Saucier Investments entered into a purchase contract to sell one of the mill buildings.[1]  As part of

---

[1] The record is not entirely consistent in classifying the buildings.  The purchase contract and contract for removal of metals both refer to the address of 2401 1st Avenue in Opelika, and the metal removal contract calls the site the "Opelika Mill." (Doc. # 11-7 at 2; Doc. # 11-9 at 2.)  Throughout his deposition, Roy Granger referred to the building that burned as the Gray Mill building.  (Doc. # 13-1 at 7–8.)  Additionally, Granger stated that the metal removal contract covered the mill campus generally.  (*Id.* at 22.)  What is clear from the deposition is that the Gray Mill building was the building where the fire occurred, and Al & Sons employees had been working in the area that day.  (*Id.* at 8–9.)

3

that contract, the building had to be stripped of all existing metal and electrical pieces, except the fire suppression system.  Regeneration's workers removed the majority of the equipment and the copper in the Gray Mill building, and Al & Sons was responsible for removing remaining piping, and transformers in lint houses on the second and third floors.  At least in the opinion of Darryl Saucier, the relationship between Regeneration and Al & Sons was that Regeneration was a general contractor who hired Al & Sons as a subcontractor.

On May 12, 2013, after all the workers in the Gray Mill building had gone home for the day, there was a fire in the building that caused extensive damage.  A state court complaint regarding the fire alleged that it started in an area where Al & Sons employees had been working that day.

Colony is the insurance carrier for Regeneration.  In October 2013, Colony filed a declaratory judgment action in this court for the purpose of determining its rights and obligations under a policy sold by Colony to Regeneration.  *See Colony Ins. Co. v. Regeneration LLC*, Case No. 3:13-cv-762-LSC-TFM.  Colony filed the declaratory judgment action in order "to avoid defense and indemnity obligations under its policy to Regeneration for any claims arising out of the Pepperell Mill fire."  (Doc. # 11 at 2.)  On March 6, 2014, Saucier Investments filed a state court action in the Circuit Court of Lee County, Alabama against Regeneration, LLC, Roy Granger, Al & Sons Corporation, and Al Mitchell (the sole shareholder of Al & Sons).  The complaint alleged two claims: one for negligence or wantonness and one for negligent and wanton supervision.  Both claims were asserted jointly against all of the named defendants.

On October 3, 2014, the parties mediated the state court action filed by Saucier Investments.  Colony participated as Regeneration's insurance carrier and in order to represent itself in connection with the federal court declaratory judgment action.  Both the federal and state

court actions were settled as a result of a global settlement reached in the mediation. The parties settled for a confidential amount, with Colony paying 32% of the total sum and the insurance carrier for Al & Sons (and Al Mitchell) contributing the other 68% of the settlement amount. During the mediation, Colony informed Al & Sons and Al Mitchell that it planned to seek a common law indemnity claim against them to recover the amount it had agreed to pay Saucier Investments in order to resolve the negligence claims against Regeneration and Roy Granger.

The instant action, filed on October 14, 2014, represents Colony's effort to recover the amount it paid to settle the negligence claims against Regeneration and Roy Granger from Al & Sons and Al Mitchell, under a common law indemnity theory.

## IV. DISCUSSION

As a threshold matter, the court notes that Colony has abandoned one of the two arguments it advanced in its Complaint in support of its claim for common law indemnity. Specifically, the Complaint asserts that "Al & Sons had a duty under [the] contract to maintain insurance of at least $2,000,000 per occurrence," and that "Al & Sons did not comply with that provision." (Doc. # 1 at 5.) In the Motion for Summary Judgment, the Defendants argue that instead the contract required $2,000,000 aggregate in coverage, rather than per occurrence. In its Response, Colony expressly "concedes that the language of the agreement between Mitchell and Regeneration, LLC regarding insurance coverage is not clear on the requirement of $2,000,000 per occurrence," and states that it "will not pursue this argument in support of its claims against [the Defendants]." (Doc. # 13 at 9.) The court considers the argument based on the requirements of the contract as to insurance to have been abandoned and will only consider Colony's remaining argument as to its claim for common law indemnity.

5

In Alabama, the "general rule" is that "in the absence of a statutory or contractual basis otherwise, there is no contribution or indemnity among joint tortfeasors." *Parker Towing Co. v. Triangle Aggregates, Inc.*, 143 So. 3d 159, 167 (Ala. 2013) (citations omitted). However, "a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom the indemnity is claimed was the proximate or primary cause of the injury." *Crigler v. Salac*, 438 So. 2d 1375, 1385 (Ala. 1983) (citing *Mallory S.S. Co. v. Druhan*, 84 So. 874, 877 (Ala. Ct. App. 1920)). These exceptions are well-recognized in subsequent decisions by Alabama courts and federal courts applying Alabama law. *See, e.g.*, *Unicore, Inc. v. Tenn. Valley Auth.*, 768 F.2d 109, 112–13 (6th Cir. 1985) (quoting *Mallory S.S. Co.* for the exceptions as part of a "passive negligence" analysis and stating that *Mallory S.S. Co.* "has been frequently cited and never overruled"); *Greyhound Lines, Inc. v. Goodyear Tire & Rubber Co.*, No. 3:08-cv-516-WHA, 2009 WL 3079198, at *5 (M.D. Ala. Sept. 23, 2009) (Albritton, J.) (quoting *Mallory S.S. Co.*); *Coates v. CTB, Inc.*, 173 F. Supp. 1200, 1203 (M.D. Ala. 2001) (Thompson, J.) (quoting *Mallory* and citing *Crigler*); *SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So. 2d 885, 902–03 (Ala. Civ. App. 2005) (quoting *Unicore* for its discussion of *Mallory S.S. Co.* and citing *Coates*, among other cases).

The Defendants contend that because they were sued as joint tortfeasors in the underlying state court action, Colony's common law indemnity claim is invalid as a matter of law. In response, Colony highlights facts in the record that—in its view—show that neither Defendant was an agent of Regeneration and that the Defendants were working independently of Regeneration. Colony argues that this case falls within the exceptions to the "joint tortfeasor" rule listed above because "Mitchell clearly was an independent contractor and its negligence

6

alone caused or contributed to the fire that destroyed the Gray Mill Building." (Doc. # 13 at 14–15.)[2]

As a preliminary issue, the court must determine whether, as the Defendants argue, the fact that Regeneration and Al & Sons (and the associated individuals) were sued as joint tortfeasors is dispositive. The court concludes that this aspect of the case is not dispositive. The two exceptions listed in *Crigler* require factually specific inquiries into which party was at fault or whether one party's conduct was "the proximate or primary cause of the injury." 438 So. 2d at 1385. The form of the underlying state lawsuit has no bearing on these issues beyond the fact that Saucier Investments alleged that both Regeneration and Al & Sons were negligent in causing the fire. Only a detailed review of the evidence by a factfinder can determine whether either exception applies.

Because of the previous settlement of the state action and the related federal declaratory judgment action, there has been no determination of the cause of the fire or the particular conduct that contributed to it. In order to conclude that the Defendants are entitled to summary judgment because neither exception applies, the court would have to engage in impermissible factfinding regarding these issues. Therefore, the court concludes that summary judgment is inappropriate at this juncture.

This conclusion is consistent with a Northern District of Alabama case in which the court found there were disputed issues of fact that precluded granting summary judgment on a common law indemnity crossclaim under Alabama law. In *Mueller v. Chugach Fed. Solutions, Inc.*, the court was presented with a motion for summary judgment on a common law indemnity crossclaim brought by a property management company against a subcontractor hired to service

---

[2] The court notes that a later statement by Colony qualifies its certainty as to the cause of the fire. In concluding its Response, Colony asserts that it was Mitchell's conduct "that most likely led to the fire that destroyed the building." (Doc. # 13 at 15.)

HVAC cooling towers. No. 12–S-00624-NE, 2014 WL 2891030, at *17, *32 (N.D. Ala. June 25, 2014). After setting out the general rule and, citing *Crigler*, the exceptions discussed above, the court found that there remained "genuine issues of material fact concerning whether [the property management company] was guilty of any fault, and which defendant, if any, was the proximate cause of [the plaintiff's] death." *Id.* at *32. For that reason, the court denied summary judgment on the crossclaim for common law indemnity.

Similarly, the record before the court in this case, viewed in the light most favorable to Colony as the non-movant, reveals that there are genuine issues of material fact as to the relationships between the parties, the fault of the parties, and both the cause in fact and proximate cause of the fire. In order to determine whether either of the exceptions to the joint tortfeasor rule applies, the court would have to impermissibly engage in factfinding on those issues. Therefore, the Motion for Summary Judgment is due to be DENIED.

## V. CONCLUSION

For the reasons discussed, it is hereby

ORDERED that the Motion for Summary Judgment (Doc. # 11) is DENIED.

DONE this 22nd day of June, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE