IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, ) | | |
| as subrogee for Regeneration, LLC and ) | | |
| Roy Granger, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | CASE NO. 3:14-cv-1051-WHA-TFM | |
| ) | | |
| AL & SONS CORP. and ) | (WO) | |
| AL MITCHELL, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Defendants Al & Sons Corporation and Al Mitchell's (collectively "Defendants") Second Motion in Limine (Doc. #40).

In their Second Motion in Limine, the Defendants seek to exclude testimony from the Plaintiff's expert pursuant to Rule 26(a)(2)(B)(i). The Defendants do not object to the Plaintiff's expert's report, but rather seek to exclude testimony which is beyond the opinions offered in the report. The Defendants cite to page 2 of the report in which Ronald Blakenship lists his conclusions as follows: 1. A specific area of fire origin could not be determined, 2. the specific ignition sequence and cause of the fire was inclusive at the time of our inspection due to the severity of the damage and the lack of remaining physical evidence, 3. the cause of the fire was classified as undetermined. (Doc. #40-1).

The Plaintiff responds that on April 15, 2015, Colony Insurance provided the Defendants with a List of Experts Who May be Called at Trial and that this list included a statement that "Ronald Blakenship and/or Jack Kennedy is anticipated to testify about the cause and origin of the fire and the likelihood that it was caused by the use of a cutting saw. Mr. Blakenship will

base his opinions on his training, education, and experience which is listed in his CV." (Doc. #40-2). The Plaintiff argues that the Defendants did not seek to depose or question Blakenship at that time.

The court also notes that the disclosed expert report also sets out several facts which include that there was evidence of use of cutting torch at the scene. (Doc. #40-1 at p.8).

The requirements of Rule 26(a) are enforced through Rule 37. Under Rule 37(c), if a party does not provide the information required by Rule 26(a), the party cannot use the information or witness to supply information unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c).

Another judge of this court analyzed an argument similar to the Defendants in this case; namely, an argument that a failure to provide an expert report which complied with Rule 26 was justified because the subject matter of the expert testimony was well known to the defendants. *Chapple v. State of Ala.*, 174 F.R.D. 698, 701-02 (M.D. Ala. 1997). The court rejected the argument, reasoning that the obligation of a party under the expert disclosure rule is to set forth the expert's testimony regardless of whether the defendants may know what the testimony will be, but the court went on to determine that the plaintiff established that the non-disclosure to the defendant was harmless because the expert was only testifying about data the defendants knew about and did not contest. *Id.* "Likewise, there is no prejudice if the undisclosed evidence was otherwise made known to the opponent." *Access Now Inc. v. Macy's E., Inc.*, No. 99-9088-CIV, 2001 WL 36380366, at *4 (S.D. Fla. Oct. 22, 2001). "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Nyguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

In this case, although the Plaintiff seeks to have the expert offer an opinion, and not merely facts already known to the Defendants, the information upon which the proferred opinion is to be based appears to have been provided in the report, and the Plaintiff disclosed that the expert would be testifying as to the origin of the fire, giving the Defendants time in which to depose the expert.

Because the trial of this case has been continued, it appears to the court that rather than impose at this time the sanction of excluding the expert's opinion, as it was described in the April 15, 2015 disclosure, and to the extent that it is based on the facts disclosed in the expert's report, the better course of action is to allow the Defendants time in which to depose Blankenship. If the Defendants have suffered prejudice through the Plaintiff's failure to meet its Rule 26 obligation, the deposition will render the failure harmless.

Accordingly, it is hereby ORDERED as follows:

1. The Plaintiffs shall make Ronald Blankenship available for deposition at a time and place mutually agreeable to counsel for the parties, **no later than November 19, 2015**.

2. The Defendants' Second Motion in Limine (Doc. #40) is DENIED without prejudice to being raised again if that should become necessary.

DONE this 27th day of October, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE